IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ANDRE T. CARRINGTON,              ) | Civil Action No. 2: 21-cv-00853 |
|                                   ) | |
|    Petitioner,     ) | Chief United States Magistrate Judge |
|                                   ) | Cynthia Reed Eddy |
| v.                                ) | |
|                                   ) | |
| ERIC TICE, Superintendent, SCI Somerset,  ) | |
| ATTORNEY GENERAL PA, and          ) | |
| DISTRICT ATTORNEY FOR             ) | |
| ALLEGHENY COUNTY,                 ) | |
|                                   ) | |
|    Respondents.    ) | |

## MEMORANDUM OPINION[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Andre T. Carrington, in which he challenges the judgment of sentence imposed on him by the Court of Common Pleas of Allegheny County, Pennsylvania, on October 11, 2012, in case no. CP-02-CR-2922-2011.

**I.     Procedural History[2]**

On October 11, 2012, Petitioner, Andre T. Carrington was sentenced to life without the possibility of parole after a jury convicted him of First Degree Murder. The Superior Court of Pennsylvania affirmed Carrington's judgment of sentence on October 14, 2014. (ECF No. 9-12 at p. 1). The Pennsylvania Supreme Court denied Carrington's request for a petition for

---

[1].    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. *See* ECF Nos. 11 and 15.

[2]     The factual background of Carrington's criminal case is not relevant to the Court's determination of whether the petition was filed in a timely fashion. However, the factual background may be found in Respondents' Answer. *See* Ans. (ECF No. 9).

1

allowance of appeal ("PAA") on April 8, 2015. (ECF No. 9-12, at p. 24). Carrington did not file a petition for writ of certiorari with the Supreme Court of the United States. His judgment of sentence, therefore, became final on July 7, 2015, at the expiration of his time to seek review by the Supreme Court of the United States. *See* Rules of the Supreme Court of the United States, Rule 13.1.

On June 6, 2015, prior to his judgment of sentence becoming final, Carrington filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. (ECF 9-12, at p. 25). The PCRA court appointed counsel to represent Carrington. (*Id.*, p. 36). On December 27, 2016, counsel submitted a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc). (ECF No. 9-13, at p. 1). Thereafter, the PCRA court entered a notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. *See* Notice, 2/27/2017 (ECF No. 9-13, p. 18). After receiving no response from Carrington, the PCRA court dismissed the petition. *See* Order, 4/25/2017 (ECF No 9-13, p. 19). Ultimately, Carrington's PCRA counsel was granted leave to withdraw from the case. (*Id.*, p. 17). Carrington sought no further review.

On July 2, 2021, Carrington filed the instant federal habeas petition in this Court. (ECF No. 1). On September 9, 2021, Respondents filed a response to the petition (ECF No. 9) in which they argue, *inter alia*, that the Petition is untimely and should be dismissed on that ground. Carrington filed a Traverse (ECF No. 20) contending that he has not received any mail from the PCRA court since December 27, 2016.

II.     Discussion

    A.     Timeliness

This proceeding is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA imposes a one-year limitations period within which a state prisoner must file a federal habeas petition. 28 U.S.C. § 2254(d)(1).  Generally, the limitations period begins to run on the date the judgment of sentence becomes final "by the conclusion of direct review or upon the expiration of time for seeking such review." *Id.* § 2244(d)(1)(D); *Gonzales v. Thaler*, 565 U.S. 134 (2012); *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004).  One of the following alternative start dates, however, may apply:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D).[3]  Furthermore, the AEDPA limitations period is subject to both statutory and equitable tolling. *Id.*, at § 2244(d)(2); *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

It appears to the Court that all of Carrington's claims are subject to dismissal under AEDPA's one-year limitations period.  For all of his claims, the applicable one-year limitations period began to run, at the latest, on July 7, 2015, when his judgment of sentence became final.

---

[3]    Carrington does not argue that any of the timeliness exceptions delineated in 28 U.S.C. § 2244(d)(1)(B)-(D) apply in this case.

Under AEDPA, Carrington needed to file his federal habeas petition within one year of that date, or by July 7, 2016. Since Carrington did not file the instant petition until July 2, 2021, the petition is facially untimely and must be dismissed unless he can show that the limitations period should be tolled, either statutorily or equitably, or that an alternate date should apply.

**B.      Statutory Tolling**

The federal limitations period may be tolled during the time a "properly filed" state collateral proceeding is pending. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGuglielmo*, 544 U.S. 408, 415-17 (2005). Carrington timely filed his PCRA petition. As a result, the federal limitations period was statutorily tolled until May 25, 2017, during the pendency of Carrington's properly filed PCRA proceedings and the time during which he could have appealed the PCRA court's ruling to the Pennsylvania Superior Court. *See* 28 U.S.C. § 2244(d)(2); Pa. R.A.P. 903; *Swartz v Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). The AEDPA clock began to run on May 26, 2017. At that point, Carrington had 365 days, or until May 26, 2018, to file his federal habeas petition. Carrington, however, did not file his federal habeas petition until July 2, 2021, more than 3 years (or 1133 days) beyond the relevant time limit.

**C.      Equitable Tolling**

Although AEDPA's limitations period is subject to equitable tolling, the United States Court of Appeals for the Third Circuit has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Equitable tolling is thus only appropriate when "'the principles of equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas

4

petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *Id.* at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

Generally, a litigant seeking equitable tolling bears the burden of establishing two requirements: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida,* 560 U.S. 631 (2010) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). "This conjunctive standard requires showing <u>both</u> elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

With respect to the first equitable tolling requirement, the diligence must be reasonable, not maximum, extreme or exceptional. With respect to the second equitable tolling requirement, the court measures subjectively whether petitioner faced "extraordinary circumstances" that prevented him from timely filing his § 2254 petition. Finally, there must be a causal connection, or nexus, between the extraordinary circumstances petitioner faced and his failure to file a timely § 2254 motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (noting a habeas petitioner must

prove an "extraordinary circumstance stood in his way and prevented timely filing.")(emphasis added).

In support of equitable tolling, Carrington argues the following:

> As of 12-27-16 Mr. Carrington has not heard nor received any mail from the commonwealth court about this PCRA: Judge Durkin issued an order granting Attorney Kaczynski's Petition on 1-9-17 that was never received by Mr. Carrington. On 2-9-17 Judge Durkin directed Mr. Carrington to notify the court in writing if he wished to proceed with his PCRA. That too was never received. 2-28-17 Judge Durkin issued a Notice of Intent to Dismiss. Never received. 4-25-17 Judge Durkin Dismissed Mr. Carrington's PCRA. That was never received.
>
> Before ever hearing anything from the courts or receiving trial transcripts Mr. Carrington was transferred from Lee County U.S.P Virginia on 8-15-17. Then from there to Lewisburg U.S.P. Pennsylvania 9-5-17. With no time for his missing mail to catch up to him, Mr. Carrington was moved from Lewisburg U.S.P. to Camp Hill on 7-19-19. Then from Camp Hill he was shipped to S.C.I. Somerset on 10-16-19. No long after arriving at S.C.I. Somerset the global pandemic **Covid 19** caused for all facilities to be shut down some time in February 2020.

Traverse at p.1 (ECF No. 20).

After careful consideration of the submissions of the parties, and accepting all of Carrington's arguments as true, the Court finds that he has failed to meet the standards to entitle him to equitable tolling. According to Carrington, he did not receive anything from the PRCA court after December 27, 2016. It is not clear from the record if he received counsel's no-merit letter, which is dated December 27, 2016. However, he offers no explanation for why he never contacted the PCRA court or his appointed counsel to determine the status of his case. His PCRA petition was filed on June 6, 2015, and counsel was appointed on July 1, 2015. (ECF No. 9-12, p. 36). *See LaCava*, 398 F.3d at 227-78 (finding lack of due diligence where petitioner, represented by counsel, wanted 21 months to inquire with the state courts as to the status of his filing).

Moreover, to the extent Carrington is arguing that he faced extraordinary circumstances due to his transfers, such argument is unavailing. Carrington states in his Traverse that he remained at USP Lee until August 15, 2017. The state court records reflect that all court filings were mailed to Carrington at USP Lee, U.S. Penitentiary, P. O. Box 305, Jonesville, VA 24263. (The Order dismissing Carrington's PCRA Petition was entered on April 25, 2017.) On September 5, 2017, Carrington was transferred to USP Lewisburg, where he remained in federal custody until July 19, 2019, when he was transferred into state custody. Carrington offers no explanation why during his time in federal custody he could not have contacted the PCRA court or his court-appointed attorney about the status of his case. Similarly, Carrington offers no explanation why he did not contact the PCRA court or his court-appointed attorney after his transfer from federal custody to state custody on July19, 2019, to inquire about the status of his case.

The record is void of any evidence that Carrington (i) pursued his rights diligently and/or (ii) that some extraordinary circumstance stood in his way and prevented timely filing. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (*quoting Holland,* 560 U.S. at 648-49)). As a result, there is no basis for the Court to apply the doctrine of equitable tolling to remedy the untimeliness and the petition will be dismissed as time barred.[4]

## III.  Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition

---

[4]  Because the petition will be dismissed as time barred, the Court declines to address the merits of Carrington's petition.

on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Carrington's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

### IV.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is time-barred and no tolling applies to remedy the untimeliness. A certificate of appealability will be denied. A separate Order follows.

DATED:  August 2, 2022

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:   ANDRE T. CARRINGTON
      NW 7189
      SCI SOMERSET
      1590 Walters Mill Road
      Somerset, PA 15510-0001
      (via U.S. First Class Mail)

      Rusheen R. Pettit
      Office of the District Attorney
      (via ECF electronic notification)